**ZHANG ZHONG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

No. 06–5660–ag.

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Patrick J. Glen, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhang Zhong, a native and citizen of China, seeks review of a November 20, 2006 order of the BIA affirming the July 28, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Zhang Zhong*, No. A98 384 419 (B.I.A. Nov. 20, 2006), *aff'g* No. A98 384 419 (Immig. Ct. New York City, July 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). Zhong's claim that he is entitled to *per se* refugee status because of his girlfriend's forced abortion has been foreclosed by a recent decision of this Court. *See Shi Liang Lin*, 494 F.3d at 309. Accordingly, Zhong can prevail only if he can demonstrate that he suffered or reasonably fears persecution on account of his "other resistance" to China's family planning policies. *See id.* at 309–10. However, as the BIA correctly found, Zhong made no such showing.

Zhong argues that he "resisted" such policies by refusing to pay a fine for the illegal pregnancy and by leaving China. While resistance is defined neither in the Act nor in applicable regulations, the BIA has offered an illustrative list of actions that could constitute "resistance," including "expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law." *See Matter of S–L–L–*, 24 I. & N. Dec. 1, 10 (BIA 2006); *see also Shi Liang Lin*, 494 F.3d at 313. This list is not exhaustive, but plainly contemplates behavior more confrontational or overt than evading a fine.

Even if such conduct did constitute resistance, Zhong did not show that he experienced harm rising to the level of persecution on account of that resistance. *See Matter of S–L–L–*, 24 I. & N. Dec. at 10. The only direct harm that Zhong alleged on account of his girlfriend's pregnancy was a 5,000 yuan fine, and we have

implicitly recognized that "modest fines" do not rise to the level of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding lack of well-founded fear of future persecution, relying upon country condition reports showing that couples returning to China with more children than would have been permitted at home face "at worst, modest fines"); *see also Matter of T–Z–,* 24 I. & N. Dec. 163, 173 (BIA 2007) (to constitute persecution, economic harm must be severe). Accordingly, Zhong's family-planning claim fails.

■ Zhong's brief to this Court does not challenge the agency's determination that he was not eligible for relief based upon his detention on suspicion of abducting his girlfriend or the seizure of his family's farmland. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Zhong failed to sufficiently argue the detention or land seizure claims before this Court, and because addressing these arguments does not appear to be necessary to avoid manifest injustice, we deem any such arguments abandoned.

Zhong's withholding claim necessarily fails because he has not established the objective likelihood of persecution needed to make out an asylum claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, because he has produced no particularized evidence that he is likely to be tortured if returned to China, his CAT claim fails. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).